## BILL GARRETT V. THE STATE.

No. 16607. Delivered February 14, 1934.
Reported in 68 S. W. (2d) 507.

The opinion states the case.

*J. F. Wright,* of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for fraudulently obtaining board and lodging, punishment being assessed at a fine of twenty-five dollars.

Prosecution was under article 1551, P. C. (1925), which reads as follows: "Every person who shall obtain board or lodging in any hotel or boarding house by means of any trick or deception or false or fraudulent representations, or statement or pretense, and shall fail or refuse to pay therefor, shall be held to have obtained the same with the intent to cheat and defraud such hotel or boarding house keeper, and shall be fined not exceeding one hundred dollars, or be imprisoned in jail not exceeding one month or both."

The information avers that appellant obtained board and lodging from a named party "by means of false and fraudulent representations." There are no averments setting out what the representations were which are claimed to have been false. The offense attempted to be denounced in said article 1551, is a species of swindling. We see no reason why the same rule should not obtain in charging the offense as is applied in swindling cases generally, said rule being that the false or deceitful pretense or device, or fraudulent representation used to accomplish the swindle, must be set forth fully and accurately. Mathena v. State, 15 Texas App., 460. (For collation of other authorities see note 8 under article 1545, in Vernon's Ann. Tex. P. C., vol. 3.) The complaint and information charge no offense because of the omissions indicated. If cognizance had been taken of the requirements of the law in charging this character of offense, we apprehend no prosecution would have resulted. There is an entire failure in the evidence to show that any representations were made to secure the board and lodging.

There is an averment in the information that at the time appellant left the boarding house he owed the amount of $15.15, and that appellant then falsely represented that he owned some cattle and would sell them and send the money to pay the bill, but for which representations certain property belonging to appellant would have been held to secure the pay-

ment of the board bill. This averment had no bearing on the conditions under which the board and lodging were obtained but had reference only to a debt which had already accrued. The owner of the boarding house testified that the averment last mentioned was a mistake and that in fact she had no property of the appellant in her possession at the time he left the boarding house. In any event, the averment mentioned had no place in the complaint and information.

Still another averment is found which should not have been incorporated in the complaint and information, which is to the effect that appellant later gave a check on a bank in payment of the board bill when he had no money in the bank with which to protect the check. The evidence of the boarding house owner, as well as that of the appellant himself, shows that she insisted on him giving her a check although he told her at the time that he had no money in the bank and for that reason the check would be worthless, and when he did give the check appellant made a notation on it to "hold until notified."

In view of the undisputed evidence we are at a loss to understand why the trial judge ever permitted the case to go to the jury, or how the jury could have reached a verdict of guilty.

The judgment is reversed and the prosecution under the present complaint and information is ordered dismissed.

*Judgment reversed and prosecution dismissed.*