**David Wayne LABELLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00344–CR.**

Court of Appeals of Texas, El Paso.

May 9, 1984.

Michael Aaronson, El Paso, for appellant.

Steve W. Simmons, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

This is an appeal from a revocation of probation proceeding. The court assessed punishment at five years imprisonment. We reverse and remand.

In Ground of Error No. Two, Appellant contends that the State's motion to revoke adult probation was insufficient for failure to state an offense.

The State's motion to revoke adult probation read in pertinent part:

[O]n or about the 18th day of February, 1981, in the County of El Paso and State of Texas, the said defendant, DAVID WAYNE LABELLE, did then and there (unlawfully), intentionally remove a governmental record from the El Paso County Court Residential Treatment Center in violation of the above mentioned condition of probation.

Furthermore, on or about the 18th day of February in the County of El Paso and State of Texas, the said defendant, DAVID WAYNE LABELLE, did then and there unlawfully, intentionally destroy a governmental record belonging to the El Paso County Adult Probation Department in violation of the abovementioned condition of probation.

The offense relied upon by the State in its motion to revoke adult probation is found in Tex.Penal Code Ann. sec. 37.-10(a)(3) (Vernon 1974) and reads, in part:

(a) A person commits an offense if he:

. . . . .

(3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record.

Section (b) provides that:

It is an exception to the application of Subsection (a)(3) of this section that the governmental record is destroyed pursuant to legal authorization.

Tex.Penal Code Ann. sec. 2.02(b) provides that, with regard to exceptions:

The prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception.

The Appellant asserts that the State's failure to negate the applicable exception in its motion to revoke adult probation causes the charging instrument to be fundamentally defective in that it fails to state an offense. We agree.

The State contends that its allegation that the Appellant "did then and there (unlawfully)" commit the two alleged acts which violated the probation condition that he "[c]ommit no offense against the laws of this State" served to negate the statutory exception. We note that Section 2.02 requires the State to negate the exception "in the accusation charging commission of the offense . . . ." The clear import of that language is that the necessity of pleading the negation of the existence of the exception is not limited to informations or indictments but applies to any charging instrument. Given the specificity of the language in Section 2.02, we find that a mere allegation of unlawfulness does not negate the existence of the exception with requisite specificity. Ground of Error No. Two is sustained.

In light of the above ruling, we find it unnecessary to address the Appellant's remaining grounds of error except to note that any repleading by the State might well take into account the pertinent rulings contained in *Swabado v. State,* 597 S.W.2d 361 (Tex.Cr.App.1980). As a minimum, the pleading should contain some description of the governmental record removed from the treatment center. We also note that a further development of the evidence should avoid further difficulties with regard to the sufficiency of the evidence, although we do not now address that issue as jeopardy does not attach in a revocation proceeding.

The judgment is reversed and remanded for further action not inconsistent with this opinion.