**David Wayne LABELLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1239–85.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 19, 1986.

---

Michael L. Aaronson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Nick O. Martinez, Jr., Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

On August 4, 1977, appellant was charged with the offense of burglary of a habitation. On March 14, 1978, appellant pled guilty to the charged offense. On August 2, 1978, the trial court assessed punishment at ten years imprisonment, probated. On April 2, 1981, the State moved to revoke appellant's probation, alleging

that he had removed and destroyed a governmental record. The trial court subsequently revoked appellant's probation, and sentenced him to five years imprisonment.

On appeal to the El Paso Court of Appeals, appellant's conviction was reversed because the State failed to negate a statutory exception in the revocation pleading; however, the appellate decision was reversed by this Court and remanded for consideration of appellant's other grounds. *Labelle v. State,* 670 S.W.2d 755 (Tex.App. —El Paso 1984), *rev'd,* 692 S.W.2d 102 (Tex.Cr.App.1985).

On remand, the El Paso Court of Appeals again reversed appellant's conviction, holding that the motion to revoke probation filed by the State failed to afford appellant adequate notice and therefore deprived appellant of due process. *Labelle v. State,* 698 S.W.2d 738 (Tex.App.—El Paso 1985). The State petitioned this Court for discretionary review of whether the descriptive averments in the motion to revoke were sufficient to afford appellant adequate due process notice. We granted the State's petition to determine whether the Court of Appeals was correct in determining that the trial court erred by overruling appellant's motion to quash the revocation motion because it failed to provide adequate notice, and reversing the judgment of the trial court.

We will begin by quoting the relevant portion of the State's motion to revoke, which alleges that:

"[O]n or about the 18th day of February, 1981, in the County of El Paso and State of Texas, the said defendant, DAVID WAYNE LABELLE, did then and there (unlawfully), intentionally remove a governmental record from the El Paso County Court Residential Treatment Center in violation of the above mentioned condition of probation [that he 'commit no offense against the laws of this State or any other State, or of these United States']."

"Furthermore, on or about the 18th day of February in the County of El Paso and State of Texas, the said defendant,

DAVID WAYNE LABELLE, did then and there unlawfully intentionally destroy a governmental record belonging to the El Paso County Adult Probation Department in violation of the abovementioned condition of probation."

On April 24, 1981, appellant filed an amended motion to quash the State's revocation motion alleging, in pertinent part, that the charging paragraph was defective:

"... in that it is vague and fails to give fair notice of the alleged violation because it fails to specify what law or laws Defendant is alleged to have violated, because it fails to specify what document alleged to be a governmental record Defendant is alleged to have removed and destroyed, and because it fails to identify the place where Defendant is alleged to have destroyed such document. These defects in the State's Motion to Revoke probation constitute a denial of Defendant's due process rights in that such Motion does not give Defendant sufficient information to properly defend against the charge made."

The trial court overruled appellant's motion to quash.

Appellant appealed the trial court's action on the motion to quash to the El Paso Court of Appeals. That court held that although due process generally requires that a defendant be adequately informed of the nature of the accusation against him, he may be entitled to more specific information upon proper motion, citing *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977). The court added that a motion to revoke probation does not require the same particularity as an indictment and must simply afford the defendant minimal due process by fair notice of the alleged probation violation.

In determining whether the instant motion to revoke probation afforded appellant adequate notice of the charges against him, the appellate court considered four factors:

"(1) whether further *meaningful* specificity could have been provided; (2) the procedural difficulties occasioned by repleading; (3) a retrospective evaluation

of the revocation hearing to assess actual harm due to [sic] the absence of more specific pleading; and (4) the consequences of reversal." [Emphasis in original.]

*Labelle*, 670 S.W.2d at 740. After considering the instant case with reference to these factors, the appellate court found that "due process should have compelled a more specific pleading description of the governmental record." *Id.*

Before this Court, the State argues that the Court of Appeals should not have used the preceding test, and even if that test is applied, the instant motion to revoke sufficiently apprised appellant of the alleged probation violation.

■ We will first determine whether the instant motion to revoke was sufficient when challenged on the basis that it failed to provide appellant with sufficient notice of the accusations against him. The allegations in a motion to revoke probation need not be alleged with the same particularity required in an indictment or information, but must fully and clearly set forth the alleged violations of probation so that the defendant might be informed as to what he will be called to defend against. *Garner v. State*, 545 S.W.2d 178, 179 (Tex.Cr.App. 1977), and cases cited therein. Stated differently, the motion to revoke must give the defendant fair notice of the violation in order to comport with minimum due process requirements. *Labelle*, 692 S.W.2d at 105, footnote 2, and cases cited therein.

When a defendant challenges a motion to revoke on the grounds of insufficient notice, he is entitled to have the motion reflect the charges against him so that he may prepare a defense. *Matte v. State*, 572 S.W.2d 547 (Tex.Cr.App.1978). As was stated in *Garner*, supra at 179:

"While the allegations in a motion to revoke probation do not require the same particularity of an indictment or information, in all fairness the allegations as to violation of probation should be fully and clearly set forth in the revocation motion, so that the defendant and his counsel might be informed as to that upon which

he will be called to defend. [citations omitted.] When the allegations in the motion fail to fully inform the probationer, and the trial court refused to sustain an exception timely filed, the probationer is denied the rudiments of due process."

See also *Kuenstler v. State*, 486 S.W.2d 367 (Tex.Cr.App.1972), and cases cited therein at 369. A review of several relevant cases is helpful at this juncture.

In *Mitchell v. State*, 608 S.W.2d 226 (Tex.Cr.App.1980), the defendant was accused of violating his conditions of probation by committing aggravated perjury. The revocation motion alleged that he had appeared at an official proceeding, was sworn, and gave a false statement. The statement was set forth in the motion, as were allegations that the defendant knew the statement was false. This Court held that the motion contained sufficient information upon which the defendant could prepare a defense.

In *Levya v. State*, 552 S.W.2d 158 (Tex. Cr.App.1977), the defendant was accused of violating his conditions of probation by committing the offense of theft. The motion set forth the owner of the property appropriated and his address, but did not specify that the property was taken with the intent to deprive the owner. This Court held that omission of the intent allegation could not have misled the defendant, and affirmed the revocation.

Cases where the revocation motion has been found to provide insufficient information are also helpful. In *Matte*, supra, the defendant was accused of violating the conditions of his probation by "committing the offense of knowingly making a false written statement to a licensed firearms dealer, an offense against the laws of the United States of America...." *Id.* at 548. This Court found that there was a broad range of possible statements which could have been made by the defendant to the dealer in violation of the applicable federal statute. Since the revocation motion lacked allegations of the nature of the false statement made, the defendant was unable to prepare a defense and was thereby denied

due process. Thus, the trial court committed reversible error in overruling the defendant's objections to the revocation motion and the case was remanded.

Similarly, in *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970), the defendant was alleged to have violated the conditions of his probation by "[failing] to avoid injurious or vicious habits." See *Matte*, supra at 549. Since the revocation motion failed to inform the defendant of the habit or habits he was alleged to have engaged in, the motion did not comport with minimal due process requirements. Based upon the trial court's error, and the State's failure to sustain its burden of proof, the case was reversed and remanded.

In *Garner*, supra, the defendant was alleged to have violated the conditions of his probation by committing the offense of theft. The motion to revoke probation stated, in pertinent part:

"It is further alleged that on or about December 16, 1974, the defendant committed the offense of theft in Harris County, Texas. He stands indicted with this offense in the 174th Criminal District Court in Cause No. 223,979."

The defendant excepted to the State's motion to revoke on the grounds that it failed to give him sufficient notice of the offense, but was overruled by the trial court. This Court held that "the accused was entitled to have the motion to revoke set forth in clear language the violation of the order of probation relied on for revocation." *Id.* at 179. Since the motion to revoke did not give the defendant adequate notice, the trial court committed reversible error by overruling the defendant's exception.

Although not entirely applicable, this Court's treatment of an indictment alleging a similar offense and challenged by a motion to quash for failure to provide sufficient notice is also helpful to our examination of the instant motion. In *Swabado v. State*, 597 S.W.2d 361 (Tex.Cr.App.1980), the defendant was charged with tampering with a government record under Section 37.10(a)(1) of the Penal Code. (In the instant case, appellant was charged with removing and destroying a document, and in *Swabado*, supra, the defendant was charged with knowingly making a false statement in a record). The indictment alleged that the defendant did:

"... unlawfully and knowingly make a false entry in a government record, namely a Nursing Facility Monthly Staffing Report by recording the employment of a licensed vocational nurse who was not in fact employed, with intent to defraud and harm another."

Prior to trial, the defendant filed a motion to quash the indictment because it failed to give her adequate notice of the offense charged. The trial court overruled the motion. This Court stated several general rules relating to sufficiency of pleadings in indictments, and then referred to the following quotation from *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976):

"Further, the rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense ..."

*Swabado*, supra at 363. This Court then stated:

"First, the indictment fails to sufficiently identify the alleged government records. In each count it alleges only that the record is a 'Nursing Facility Monthly Staffing Report.' The record reflects that appellant worked as administrator for years prior to the return of the indictment, and, as required by rules of the Department of Public Welfare, filed a staffing report each month during this period."

. . . . .

"Appellant was ... entitled to know, upon filing her motion to quash, which monthly staffing report the State was relying upon to prosecute her."

*Id*, 363–4. Based upon this and other omissions, this Court found that the indictment was inadequate and reversed the case.

Although the preceding cases do not set forth a standard approach to be taken in assaying the sufficiency of probation revocation allegations, it is clear that none of the cases discussed the four-part test used by the El Paso Court of Appeals. We find no other authority for application of those factors to the issue presented. Thus, we agree with the State that the El Paso Court of Appeals erred in fashioning a new test, unsupported by prior cases or legal constructions, with which to judge the adequacy of the notice provided for in a motion to revoke probation.

 The sufficiency of the instant motion to revoke probation may be determined without the aid of a specific test, based upon the previous cases. The instant motion referred only to "a governmental record." No allegations were made regarding which record, of presumably many held at the El Paso County Court Residential Treatment Center, which was to be the object of the prosecution. Thus, we are not dealing with an inadequate description, but rather no description at all. The motion merely contains the term used in the statute.

This case is, therefore, similar to the facts in the *Matte, Campbell*, and *Garner* cases. Moreover, the *Swabado*, case supports the conclusion that allegation specifying which document is involved is necessary to the defendant's ability to adequately prepare for the case. Thus, we find that based upon prior cases, the instant motion to revoke failed to give appellant adequate information to enable him to prepare his defense.[1]

Given that the instant motion was inadequate, the trial court erred by overruling appellant's motion to quash in respect to specificity of the governmental record in question. We must next determine whether this error requires that the case be reversed.

In the preceding cases where the motion to revoke probation was found to be inade-

quate on notice grounds, this Court reversed the convictions once trial court error was found. Those cases would therefore seem to require that we now reverse appellant's conviction, given that the trial court erred. Recently, however, this Court has made a new rule regarding the results of trial court error vis-a-vis motions to quash indictments or informations on notice grounds. *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986). For reasons which will be discussed, we will apply this new test to motions to revoke probation in order to determine whether reversible error has occurred regarding the overruling of a motion to quash the revocation motion based upon inadequate notice.

Initially, we must digress briefly into the rules relating to charging instrument sufficiency. Indictments and informations serve at least two purposes: to invoke the jurisdiction of the court in criminal cases, and to inform the defendant of the charges against him. *Labelle*, 629 S.W.2d at 105, and *Drumm*, supra.

 When an indictment is challenged on the basis of failure to allege all of the elements of an offense, the jurisdiction of the court is thereby questioned. Should the appellate court find that the indictment failed to invoke jurisdiction, any conviction under that indictment is necessarily void. Thus, a finding that an indictment fails to allege the requisite elements of an offense results in reversible error per se.

If, however, a motion to revoke probation is challenged on the basis of failure to allege a requisite element of an offense, and the court overrules the challenge, then reversible error does not automatically arise. This rule exists because motions to revoke probation do not invoke the jurisdiction of the court, as do indictments or informations; rather, revocation jurisdiction is retained by the trial court in which the defendant was granted probation. *Labelle*, 692 S.W.2d at 105, citing *Crawford v.*

---

**1.** It must be remembered that appellant filed a motion to quash the revocation motion based upon notice grounds. We express no opinion regarding the sufficiency of the motion to revoke had no proper challenge been made.

*State,* 624 S.W.2d 906 (Tex.Cr.App.1981), and Art. 42.12, V.A.C.C.P. Thus where the motion to revoke probation fails *to state an offense,* the jurisdiction of the court is not affected, and the result of trial error differs from situations involving indictments.

In addition to specificity in alleging the charged offenses, indictments and informations must also meet certain specificity requirements in order to adequately inform the defendant of the charges levied against him. These requirements are imposed for at least two reasons. First, Article I, § 10 of the Texas Constitution gives the defendant the "right to demand the nature and cause of the accusation against him,...." The commentary to this section of the Constitution states:

"The right to be informed of the nature and cause of the accusation against ... [the defendant] is a fundamental guarantee conferred upon the accused in a criminal prosecution, and enables him to learn in advance of the trial and with reasonable certainty with what he is being charged, so that he can properly prepare his defense. *Zweig v. State,* 74 Cr.R. 306, 171 S.W. 747 (1914). Thus a constitutional test is here required for a valid indictment or information, and the elements of the offense and every fact or circumstance necessary to complete description thereof should be alleged therein...."

Second, several provisions of the Code of Criminal Procedure require that the indictment or information inform the defendant of the charges against him. See e.g., Arts. 21.21(7) and 27.09(2), V.A.C.C.P. See also *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974), and *Drumm,* supra.

In *Drumm,* id, this Court enunciated the basis for the adequate notice requirement:

"Although challenge to an accusation for failure to give adequate notice on which to prepare a defense must be asserted in a timely fashion (*American Plant Food,* supra), when properly asserted with adequate statement of the manner in which notice is deficient, fundamental constitu-

tional protections are invoked. Because of the fundamental notions of fairness that require adequate notice of the nature of the charges against the accused in our system of justice, a timely claim of inadequate notice requires careful consideration."

*Drumm,* supra at 946.

In *Adams,* supra, this Court set forth a test to be applied when determining whether a defendant has suffered harm when a trial court erroneously overrules a valid motion to quash an indictment or information based upon notice grounds. In that case, the defendant was convicted of promotion of obscenity, and contended on appeal that the trial court had erred in overruling his motion to quash the information since it did not provide sufficient notice of which film the State was alleging was obscene and promoted by the defendant. The information referred to "one motion picture the title of which is unknown and ... [which] depicts ultimate sexual acts...." *Id.* at 901. The Court of Appeals agreed with the defendant that the charging instrument was inadequate, but then reviewed the statement of facts to determine whether the defendant was prejudiced. On petition to this Court, the defendant contended that the Court of Appeals erred by considering whether he was harmed by the trial court's error.

This Court agreed with the Court of Appeals that the information was defective, and further found that the Court of Appeals had *not* erred by examining the record for harm to the defendant. This Court stated:

"The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of 'notice.' If sufficient notice is given this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact."

*Id.* at 903. Thus, when a trial court erroneously overrules a motion to quash a charging instrument on notice grounds, the ac-

cused must establish that he was in some way harmed by such error. Whether harm exists will be determined from the facts of the case.

We may now turn to the proper way to determine whether reversible error occurs when a contested motion to revoke probation fails to give the defendant fair notice of the charges against him. Where the sufficiency of notice provided by a charging instrument is challenged by motion to quash (or exception, etc.), there is no clear distinction to be made between indictments and motions to revoke. Both are required to provide the defendant with sufficient information so that he or she may prepare a defense. *Adams* and *Matte,* supra.

This is so because the notice requirement is a fundamental part of the judicial process: the accused is entitled to be informed of the nature of the charges against him. This requirement is not inherently restricted to indictments or informations. Whenever the State seeks to exact punishment from an accused, the accused is entitled, under fundamental notions of fairness, to adequate notice of the charges alleged against him or her if such notice is contested.

■ Thus, the tenets of fundamental fairness require that a motion to revoke probation, like an indictment or information, provide the defendant adequate notice upon which he or she may prepare a defense. Moreover, the basis for this requirement is the same for motions to revoke probation and indictments or informations. Since the rules for adequate notice applicable to motions to revoke probation and indictments do not differ, and since those rules are based upon the same considerations, we hold that the test for determining whether reversible error has occurred set forth in *Adams,* supra, should also be applied to motions to revoke probation: we must first decide whether the motion to revoke lacked some requisite item of notice, and if so, we next decide whether in the context of the case this had an impact on the defendant's ability to pre-

pare a defense, and finally, the extent of any such impact. In making these determinations, the entire record may be reviewed for prejudice to the defendant's substantial rights.

■ Our next task is to apply this test to the instant motion. According to *Adams,* supra, the first issue to address is whether the motion to revoke probation failed to convey some requisite item of "notice." As previously discussed, the motion to revoke probation failed to specify what governmental record was the object of the accusation; moreover, such an allegation was necessary to give appellant fair notice of the charges against him. Thus, the first part of the *Adams* test is met.

■ We must next determine in the context of this case and based upon the record of this case, whether this omission had an impact on appellant's ability to prepare a defense. The record shows that at the probation revocation hearing, the State called several witnesses to the stand. Albert Chacon was the first witness called. He testified that on February 18, 1981, he was a resident of the Court Residential Treatment Center in El Paso County. He obtained a pass to leave, and left with David Palacios, Albert Beckwith and appellant. The four then drove to the Plasma Center. Beckwith had a file, and handed it to appellant. They stopped at a convenience store and started tearing up the file and throwing the pieces of paper into a dumpster. After disposing of the file, the four went to their original destination.

David Palacios was the next witness called. He testified that he left the Treatment Center on February 18, 1981, with the other three men.[2] He also testified that they stopped at a convenience store, and appellant and Beckwith tore up the file and. threw it into the dumpster. He added that the file was similar in appearance to his file kept by the Treatment Center. On cross-examination, the witness admitted that he

---

2. The Rule was not invoked at the hearing.

had seen the word "Confidential" on the file.

The next witness called was George Salazar, who was employed as the Senior Counselor for the Adult Probation Court Residential Treatment Center. He stated that on February 19, 1981, he looked for appellant's probation folder in order to make a routine entry, but was unable to find it. He asked the other members of the staff present about the file, but none of them had any knowledge of its whereabouts. The next day, he called all of the staff members for information about the file. No one knew where it was. On February 23, 1981, Salazar contacted the probation officer and told him that appellant's file was missing. He conducted a further investigation and questioned the residents of the Center, including Chacon, who indicated that he "might know what happened to the folder." Later, Salazar questioned Palacios, Beckwith and appellant about the missing record. He stated that "each one of them spoke to me about the case." Salazar added that the missing file had the term "Confidential" stamped on it.

After Salazar finished testifying, the State rested its case. Appellant presented no witnesses or evidence on his behalf. The trial court then found as a fact that appellant took a record from the Treatment Center. The trial court asked the attorneys if they wanted to make closing arguments. The State waived its argument, but appellant's counsel made the following statement:

> "Your Honor, I would like to point out that the defendant's offenses were mostly of the inability to choose companions wisely, and he has been influenced by others. Actually, I would say that the Department of Corrections is a good place to find plenty of companions who are unwise. I think a lengthy prison sentence would be exactly the wrong thing not only for the probationer but for the people of the State of Texas."

The trial court then assessed punishment.

Based upon this record, we must determine whether appellant's ability to prepare a defense was affected by the motion's lack of reference to a specific document. The record shows that Salazar spoke with appellant about the case. It is uncontroverted that the identity of the file in question was made clear to appellant in that conversation. Moreover, appellant failed to produce any witnesses or evidence on his behalf. His attorney, in closing, did not argue that the act had not occurred, but rather that appellant had been influenced by his peers. Last, in his brief, appellant fails to suggest any way in which his ability to prepare a defense was hampered by failure of the motion to revoke to reflect which record was removed or destroyed.

Thus, on the face of this record, we find that there is no evidence that appellant's ability to prepare his defense was affected by the inadequate motion to revoke probation. Since we have found no impact, we need not address the final factor of the *Adams* test.

Given that the trial court's error in overruling appellant's motion to quash did not impair any substantial right held by appellant, the decision of the El Paso Court of Appeals is reversed, and the judgment of the trial court is affirmed. This cause is remanded to the Court of Appeals for consideration of appellant's remaining points of error.

CLINTON, Judge, concurring.

None of us may claim a monopoly on the technique of outlining a "worst case" scenario to continue protesting an earlier significant decision of this Court. Within a month after being delivered *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986), was subjected to revisionist efforts in *Opdahl v. State*, 705 S.W.2d 697 (Tex.Cr.App. 1986). Still not yet a year in the books, *Adams* is again rescripted, along with *Opdahl*, by Presiding Judge Onion in his dissenting opinion in this cause, *viz:*

> "*And to make matters worse, Adams* cannot be applied on appeal without a statement of facts. *In such a case the former rule applies. The conviction is reversed* if the trial court has erred in

overruling the motion to quash based on the lack of adequate notice. *Opdahl v. State,* 705 S.W.2d 697 (Tex.Cr.App. 1986)."

Dissenting Opinion, p. 111.[1] That scenario is truly a "worst case."

First, for reasons given in my concurring opinion, the writer of *Adams* agreed with me that neither *Craven v. State,* 613 S.W.2d 488 (Tex.Cr.App.1981), nor *Adams* mandates that the record include "a statement of facts at trial." *Opdahl,* supra, at 699–700. Second, though the "first question" in *Adams* is "whether the charging instrument failed to convey some requisite item of 'notice'," writing its own "worst case" the majority in *Opdahl* mistakenly insisted, "If there is no statement of facts, then it is unnecessary to answer the first question." *Opdahl,* at 699. Moreover, the majority opined, for an appellate court to answer the first question, but not be able to answer the second and third questions [for want of a statement of a facts] would result in a mere perfunctory analysis." *Ibid.* Thus professing that it was unable to determine what effect overruling the motion to quash might have had on preparation for trial or defense at trial, the *Opdahl* majority reversed the judgment of the court of appeals (which had reversed the judgment of conviction for erroneously overruling the motion to quash) and AFFIRMED the judgment of the trial court.

Therefore, for all its other infirmities, *Opdahl* certainly did not suggest for a moment, as the dissent here would have it, "In such a case the former rule applies [and] [t]he conviction is *reversed* if the trial court erred in overruling the motion to quash ..." Similarly unfounded is its brief scenario in note 1, dissenting Opinion, p. 111.

ONION, Presiding Judge, dissenting.

The majority is not satisfied to rely upon the rule that allegations in a motion to revoke probation do not require the same particularity of an indictment, but seek to extend the erroneously decided *Adams v.*

*State,* 707 S.W.2d 900 (Tex.Cr.App.1986), to the motions to quash or set aside motions to revoke probation. Such can only lead to more sloppy pleadings and even deliberate non-pleading of essential matters in revocation motions. Many probationers will be denied the rudiments of due process by virtue of today's decision.

*Adams* held that where a trial court has erroneously overruled a *valid* motion to quash an indictment or information based upon notice grounds, the question in determining harm "is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact." *Adams* at p. 903.

When a challenge to an accusation (indictment or information) for failure to give adequate notice on which to prepare a defense is properly and timely asserted with adequate statement of the manner in which notice is deficient, "fundamental constitutional protections are invoked." *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977). Such a challenge "calls for examination of the criminal accusation from the perspective of the accused." Id. "When the defendant petitions for sufficient notice of the state's charge by motion to quash adequately setting out the manner in which notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice." Id.

Further, Article I, § 10 of the Texas Constitution mandates that the notice petitioner for—information on which to prepare a defense—must come from the face of the indictment or information or charging instrument. *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing); *Voelkel v. State,* 501 S.W.2d 313 (Tex.Cr.App.1973); *Baker v. State,* 58 S.W.2d 534 (Tex.Cr.App.1933). It is improper to look to the evidence in the record of the case in order to determine whether the allegation in the charging instrument constitutes adequate notice. The adequacy of the allegations must be tested

---

**1.** All emphasis is mine throughout unless other- wise indicated.

by its own terms. *Bonner v. State*, 640 S.W.2d 601 (Tex.Cr.App.1982). The indictment or other charging instrument "can neither be supported nor defeated as such by what evidence is introduced at trial." *Ritter v. State*, 176 S.W. 727, 730 (Tex.Cr. App.1915), and this Court will not indulge in any presumption to complete the pleading. *Sanchez v. State*, 235 S.W.2d 149, 153 (Tex.Cr.App.1951).

If the indictment is defective as to notice, and a defendant points out the defect in a timely motion to set aside or quash the charging instrument so that he can prepare his defense, it is error to overrule such valid motion. If a defendant is put to trial without the requisite notice to which he is entitled and which he requested, normally any ensuing conviction will be reversed on appeal.

Under *Adams*, to determine if the acknowledged error caused harm, you decide "in the context of case" (whatever that might be interpreted to mean) if the error had an "impact" on the defendant's ability to prepare a defense, and then how great an "impact." How great must the "impact" be to cause harm? Will a 51% "impact" suffice or will a 90% or more "impact" be required? And in determining harm, skip the fact that the defendant was convicted. It would appear that the tender mercies of each appellate court may be the only guiding light. Certainly no standard was set in *Adams*. And to make matters worse, *Adams* cannot be applied on appeal without a statement of facts. In such a case the former rule applies. The conviction is reversed if the trial court has erred in overruling the motion to quash based on the lack of adequate notice. *Opdahl v. State*, 705 S.W.2d 697 (Tex.Cr.App.1986).

*Adams* encourages poor pleadings. Bemoaning the necessity of repleading, prosecutors will encourage trial judges to overrule valid motions to quash and to err because under *Adams* it will all come out in the wash. *Adams* should be overruled,

not sua sponte extended by this Court to revocation of probation cases. The allegations in a revocation motion do not require the same particularity of an indictment or information, but in fairness, when the allegations of the motion fail to fully inform the probationer as to that upon which he will be called to defend, and the trial court refuses to sustain a proper motion to quash, the probationer is denied the rudiments of due process. *Garner v. State*, 545 S.W.2d 178 (Tex.Cr.App.1977); *Kuenstler v. State*, 486 S.W.2d 367 (Tex.Cr.App. 1972). See also *Bradley v. State*, 608 S.W.2d 652 (Tex.Cr.App.1980). In the instant case the majority decided that "the instant motion to revoke failed to give appellant adequate information to enable him to prepare his defense." The appellant was thus denied the rudiments of due process. The majority, however, applies *Adams* to probation revocation cases and finds the error that deprived appellant of due process harmless.[1] I dissent vigorously to the reasoning of the majority.

The offense relied upon by the State in its motion to revoke probation to show a violation of the probationary condition that appellant not violate any laws is set forth in V.T.C.A., Penal Code, § 37.10, which reads in part:

"(a) A person commits an offense if he:

\* \* \* \* \* \*

"(3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record."

While the revocation motion in the instant case is no model, it does track the language of said § 37.10(a)(3), as the Court of Appeals observed in its opinion on remand. And while tracking the statute is normally sufficient to satisfy criminal pleading requirements, due process requires that a defendant be adequately informed of the nature of the accusation, and upon proper motion, he may be entitled to a

---

**1.** Undoubtedly if *Adams* is applied to probation revocation cases many defendants upon appeal will make no effort to include the statement of

facts in the appellate record, hoping the State will do likewise, and that *Opdahl* will apply.

more specific allegation. *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). While, as earlier observed, a motion to revoke probation does not require the same particularity as an indictment or information, it must afford minimal due process by fair notice of the violation of the probationary condition alleged. *Bradley v. State*, 608 S.W.2d 652 (Tex.Cr.App.1980).

In *Matte v. State*, 572 S.W.2d 547 (Tex. Cr.App.1978), it was held that the conclusory allegation in the motion to revoke probation that probationer made a "false written statement" to a licensed firearm dealer, in violation of federal law was not sufficient, in the face of his timely motion to quash the revocation motion, to give the probationer sufficient notice to afford him an opportunity to defend against the charged violation, in that it did not inform him of the nature of the statement made, and thus probation was thus denied due process. See also *Amaya v. State*, 551 S.W.2d 385 (Tex.Cr.App.1977); *Garrett v. State*, 68 S.W.2d 507 (Tex.Cr.App.1934). See and cf. *Swabado v. State*, 597 S.W.2d 361, 363 (Tex.Cr.App.1980) (where the indictment failed to sufficiently identify the alleged government records).

In *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970), the defendant's probation was revoked upon a motion which alleged that he had failed "to avoid injurious or vicious habits." This Court held that such an allegation was insufficient to inform the defendant how he had violated the condition of his probation. "The habit or habits were not spelled out nor was the appellant informed as to whether the habit or habits were injurious or vicious or both." 456 S.W.2d at 921. *Campbell* then went on to point out that such a general allegation failed to enable the defendant to prepare a defense and in face of the timely exception denied him due process of law. See also *Garner v. State*, 545 S.W.2d 178 (Tex.Cr.App.1977). To the extent that *Levya v. State*, 552 S.W.2d 158 (Tex.Cr.App. 1977), is in conflict with the foregoing line of cases, I would overrule it.

By timely motion to quash the revocation motion, appellant complained that said motion failed to specify what "government record" appellant was supposed to have removed or destroyed. Was it a receipt, a contract, a personnel file, medical records, etc.? In my opinion due process compelled a more specific description of the "government record involved," and the trial court erred in overruling the motion to quash as it related to the failure to specify what document the government record was. I would agree with the conclusion reached by the Court of Appeals and would affirm its judgment.

TEAGUE, J., with all the vigor he can muster, joins this opinion.