IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-145-CR




J.B. FIVEASH, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CR89-0286-A, HONORABLE ROYAL HART, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order revoking probation. The punishment is
imprisonment for ten years.

 Appellant, then a licensed attorney, was placed on probation following his
conviction for tampering with a witness. Tex. Penal Code Ann. § 36.05 (West 1989). A motion
to revoke was filed after appellant was arrested for assault. The arrest grew out of an altercation
between appellant and his girlfriend, during which appellant seriously beat the woman and her
sixteen-year-old daughter with his fists. Following a hearing, the court found that appellant
assaulted the two women in violation of the condition that he commit no offense against the laws
of this State. The court made no finding as to other alleged violations of the conditions of
probation.

 In his first point of error, appellant complains that he was not afforded effective
assistance of counsel at the probation revocation proceeding. To prevail on this point of error,
appellant must demonstrate that counsel made such serious errors he was not functioning
effectively as counsel and that, but for counsel's errors, the result of the proceeding would have
been different. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d
53 (Tex. Crim. App. 1986). 

 Appellant alleges that counsel's performance was deficient in several respects. 
First, he notes that counsel did not file a motion to quash the motion to revoke even though it
mischaracterized the offense for which appellant was convicted as a first degree felony and
erroneously stated that no appeal had been taken from the conviction. The allegations in a motion
to revoke probation need not be as precise as those in an indictment, and a motion to revoke is
sufficient if it gives the defendant fair notice of the alleged violations. Labelle v. State, 720
S.W.2d 101, 104 (Tex. Crim. App. 1986). Appellant does not contend that he did not understand
the accusations made in the motion to revoke nor does he make any effort to demonstrate that the
result of the revocation proceeding would have been different if a motion to quash had been filed.

 Next, appellant contends that his attorney did not make an independent investigation
of the incident on which the assault charges were based, and specifically complains that his
attorney did not speak to the person who was in the paddy wagon when appellant was arrested. 
Appellant does not refer us to any evidence in the record to support this contention. The
statement of facts reveals that trial counsel cross-examined both the assault victims and the
arresting officers at length. During this cross-examination, counsel displayed a thorough
knowledge of the facts.

 Appellant contends that his attorney did not investigate his medical history, which
he says shows a history of mental illness, and complains that counsel did not raise the insanity
defense or any other viable defense. Again, appellant cites no evidence to support his allegation
that counsel did not investigate, and the record strongly suggests otherwise. Counsel called
several witnesses, including appellant, his mother and sister, and a drug and alcohol abuse
counselor. Through these witnesses, counsel adduced evidence that appellant suffered periods of
depression during which he would behave irrationally. This problem was aggravated whenever
appellant consumed alcohol, as he did on the night in question. We believe that appellant's
defense was ably presented to the court for its consideration.

 Appellant complains that trial counsel "put himself in a position adverse to his
client" by filing a motion to withdraw as counsel. Counsel filed the motion after appellant
indicated to him that he wanted a new attorney. The motion was overruled by the district court. 
Appellant cites no evidence of any act or omission by counsel that could be considered adverse
to appellant's interests, and we find none. Appellant also urges that counsel should have accepted
the court's offer to appoint another attorney to assist him, but does not suggest how the presence
of a second attorney would have altered the outcome of the hearing.

 Appellant has failed to demonstrate that his attorney rendered ineffective assistance
at the revocation hearing. The first point of error is overruled.

 In point of error two, appellant contends the district court should have conducted
a hearing to determine his competence to stand trial. See Tex. Code Crim. Proc. Ann. art. 46.02
(West 1979 & Supp. 1992). Appellant argues that "the Court and . . . the defense attorney were
both aware of previous mental difficulties in Appellant's past" and notes that there was evidence
that appellant suffers from hypoglycemia. Appellant refers us to no evidence, however, tending
to show that appellant was in fact incompetent to stand trial. To the contrary, the record reflects
that appellant actively participated at the hearing, often interrupting to make objections or
motions. At no time did appellant appear unable to understand the proceedings or incapable of
assisting counsel. Point of error two is overruled.

 One month after appellant's probation was ordered revoked, appellant filed a
motion to recuse District Judges Royal Hart, Dick Alcala, and John E. Sutton in this cause. 
Senior District Judge Curt F. Steib was assigned to hear the motion. In his third point of error,
appellant complains that neither he nor his present attorney were properly notified of the
appointment. See Tex. Gov't Code Ann. § 74.053 (West Supp. 1992). Appellant cites no
evidence in the record to support this contention, and does not explain how this allegation, if true,
is relevant to our review of the order revoking probation. We also note that the transcript
contains a copy of a motion to dismiss the motion for recusal signed by appellant and his attorney. 
The third point of error is overruled.

 Finally, appellant contends the district court erred by refusing to consider various
pro se motions filed by appellant, by denying appellant's pro se motions to remove counsel and
for continuance, and by refusing to allow appellant to personally subpoena witnesses. Appellant
requested that counsel be appointed to represent him in this cause. At the hearing 

on appointed counsel's motion to withdraw, appellant reaffirmed his desire for counsel. There
is no right to hybrid representation. Landers v. State, 550 S.W.2d 272 (Tex. Crim. App. 1977). 
The right to counsel may not be manipulated by the defendant for the purpose of obstruction or
delay. Wallace v. State, 618 S.W.2d 67 (Tex. Crim. App. 1981). The district court did not
abuse its discretion by refusing to appoint substitute counsel or to permit appellant to act as co-counsel. The fourth point of error is overruled.

 The order revoking probation is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: November 4, 1992

[Do Not Publish]