NO. 07-97-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 30, 2001

______________________________

WALTER E. SMITH, II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 72ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 95-421221; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Walter E. Smith, II, appeals from the revocation of his community supervision and sentence of confinement for seven years in the Texas Department of Criminal Justice, Institutional Division.  He asserts that he received ineffective assistance of counsel and that the trial court should have quashed the State’s motion to revoke.  We affirm.

BACKGROUND

On January 2, 1996, pursuant to a plea bargain, appellant pled guilty to a charge of delivery of cocaine, a controlled substance, one to four grams.  The trial court honored the plea agreement and sentenced appellant to seven years confinement, with the sentence of confinement suspended and appellant placed on community supervision for seven years.  The State subsequently filed a motion and an amended motion to revoke appellant’s community supervision.  The amended motion to revoke alleged seven separate violations of the terms of appellant’s probation: (1) operating a motor vehicle without consent of the owner, (2) appropriating personal property without permission of the owner and with intent to deprive the owner of the property, (3) failing to pay court costs, (4) failing to pay community supervision fees, (5) failing to pay restitution, (6) failing to pay attorney fees and (7) failing to pay for and complete the Drug Offender Program as directed.  On July 25, 1997, the amended motion to revoke was heard.  At the conclusion of the hearing, the judge announced that he found appellant violated the terms of his community supervision by (1) operating a motor vehicle without consent of the owner, and (2) appropriating personal property without permission of the owner and with intent to deprive the owner of the property
.  The judgment of revocation contained findings that appellant violated the terms of his community supervision in each manner alleged by the State.  Appellant’s community supervision was revoked and punishment of seven years confinement was imposed.  On appeal, appellant asserts that his trial counsel rendered ineffective assistance and that the trial court should have quashed the Amended Motion to Revoke. 

LAW

Probation revocation proceedings are not criminal trials in the constitutional sense; rather, they are administrative in nature.  
Cobb v. State,
 851 S.W.2d 871, 873 (Tex.Crim.App. 1993)
. 
The only issue presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion.  
Naquin v. State
, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); 
Lloyd v. State
, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). 
 When more than one violation of probationary conditions is found by the trial court, the order revoking probation shall be affirmed if one sufficient ground for revocation supports the court’s order.  
Moore v. State
,  605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

A motion to revoke probation, like an indictment or information, must provide the defendant adequate notice on which a defense may be prepared.  
Labelle v. State
, 720 S.W.2d 101, 108 (Tex.Crim.App. 1986).  The test for whether adequate notice was provided by the motion is: (1) did the motion lack some requisite item of notice; if so, (2) did the lack of notice impact the defendant’s ability to prepare a defense; if so, (3) was the impact such as to prejudice the defendant’s substantial rights.  
See
 
id
.  If lack of requisite notice is proved, then whether the lack of notice (1) impacted the defendant’s ability to prepare a defense and (2) prejudiced the defendant’s substantial rights is to be determined from the entire record.  
Id
.  

INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, appellant urges that his counsel was ineffective, resulting in violation of his rights under the Sixth Amendment to the United States Constitution.  He bases his issue on the failure of counsel to urge in a written Motion to Dismiss that the name of the owner of the vehicle appellant allegedly used without permission was not in the amended motion to revoke, and on counsel’s alleged failure to investigate the facts and witnesses surrounding the alleged unauthorized use of a motor vehicle.  

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  
See
 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  Under the first prong of the 
Strickland
 test, an appellant must show that counsel's performance was "deficient."  
Strickland
, 466 U.S. at 687.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  
Id
.  The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  
Id
. at 694.  Appellant must prove both prongs of 
Strickland
 by a preponderance of the evidence in order to prevail.  
McFarland v. State
, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).

At the hearing on the amended motion to revoke, the owner of the pickup which appellant allegedly was operating without permission testified that his vehicle had been stolen.  Lubbock police officer Hopper testified that he staked out the stolen vehicle, which was parked.  Officer Hopper saw appellant get in the vehicle and drive it away.  

Appellant testified at the hearing.  He denied using the vehicle without the owner’s permission.  He admitted driving the vehicle in question on the date alleged by the State.  He asserted that he knew from a friend that the vehicle was stolen, and that he was doing a good deed by assuming control of the vehicle until the owner could be found.  His position was that by being a “good Samaritan,” he had the effective consent of the owner of the vehicle, whomever it turned out to be.  

The record reflects that the absence of the name of the owner of the vehicle did not impact appellant’s ability to prepare a defense.  He was aware of the circumstances and the vehicle he was charged with operating without consent.  He did not know the name of the owner.  He was accused of operating the vehicle without effective permission of the owner.  Even assuming, without deciding, that the name of the vehicle owner would have been required to give proper notice of the basis for the State’s amended motion, the record does not show that appellant was prejudiced by omission of the name.

Likewise assuming, without deciding, that appellant’s counsel did not investigate the case, the record does not prove that appellant was prejudiced.  Appellant’s brief does not allege facts or witnesses that could have been discovered and presented to impact the testimony before the trial court at the hearing.  The record contains no motion for new trial, testimony or affidavit, or any other method by which any such material evidence is shown or alleged to exist.  

Appellant has not proved a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.   
Strickland
, 466 U.S. at 694.
  Appellant’s first issue is overruled.

FAILURE TO QUASH AMENDED MOTION TO REVOKE

Appellant asserts, by his second issue, that the trial court erred in failing to quash the State’s amended motion to revoke.  The amended motion alleged that appellant had violated subsection (a) of the terms and conditions of community supervision by “intentionally and knowingly operat[ing] a motor vehicle without the effective consent of the owner.”  Because the identity of the owner was omitted from the motion to revoke, appellant asserts that the court erred by failing to quash the motion. 

A motion to revoke probation must provide the defendant adequate notice on which a defense may be prepared.  
Labelle
, 720 S.W.2d at 108.  Whether the defendant received adequate notice to prepare a defense is determined from the entire record.  
Id
. 

We have previously determined that even if the name of the vehicle’s owner was necessary to provide proper notice to appellant, which we do not decide, 
the record does not prove appellant was prejudiced by the omission of the name.  Appellant’s testimony and his counsel’s questions and summation argument to the trial court show that appellant and his counsel were fully aware of the incident in question and the circumstances surrounding the incident.  The alleged lack of notice did not impact the defendant’s ability to prepare a defense.  
See
 
id
.  Appellant’s second issue is overruled. 

Moreover, appellant does not challenge the amended motion as to notice of the allegations that appellant violated the terms of his community supervision in six ways in addition to the unauthorized use of a motor vehicle.  Nor does appellant challenge the trial court’s announced finding that he violated the terms of his community supervision by appropriating property of another; or the findings set out in the Judgment of Revocation of five other violations of the terms of supervision.  The order revoking probation is to be affirmed if one sufficient ground for revocation supports the court’s order.  
Moore
, 605 S.W.2d at 926.
  The unchallenged findings that appellant violated the terms of his probation, as alleged by the State, support revocation of appellant’s community supervision.  
Id
.
  

CONCLUSION

The judgment of the trial court is affirmed. 

Phil Johnson

     Justice

Do not publish.