In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-048 CR


 ______________________


 

JASON PAUL CHILDS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 96675






MEMORANDUM OPINION


 Jason Paul Childs appeals from a judgment revoking his community supervision. He
argues the State's motion to revoke did not meet the requirements of article 42.12, section
21(e), of the Texas Code of Criminal Procedure. (1)

 The Motion to Revoke Probation stated as follows: "Comes now the State and moves
that probation in this case be revoked for the reasons stated in the attached administrative
hearing report which is incorporated herein and expressly made a part hereof for all
purposes." The attached papers were "Administrative Hearing" documents that set out with
specificity the alleged violations of community supervision. Appellant did not object below
to the form or substance of the State's motion to revoke. Tex. R. App. 33.1(a)(1). Appellant
did not preserve error.

 Furthermore, under the circumstances, the motion to revoke satisfied statutory and due
process requirements by providing him with sufficient notice of the alleged violations. See
Labelle v. State, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986) (The motion to revoke should
fully and clearly set forth the alleged probation violations so that a defendant will be
informed of that which he will be called upon to defend.). The allegations in a motion to
revoke probation do not require the same particularity as required of an indictment or
information. Id. Child's alleged violations, as were clearly set forth in the incorporated
document, included the failure to report on July 18, 2006 and the failure to make any
payments on fees totaling $875. The allegations were specific and provided him with
sufficient notice of the alleged violations. Moreover, he pled true to both violations at the
hearing on the motion to revoke. The trial court then asked whether he would "proceed today
or reset it," and through counsel he stated he wanted to proceed. Appellant's issue is
overruled. The judgment revoking community supervision is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on April 17, 2007

Opinion Delivered May 2, 2007

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. Article 42.12, section 21(e), provides as follows: 

 A court retains jurisdiction to hold a hearing under Subsection (b) and to
revoke, continue, or modify community supervision, regardless of whether the
period of community supervision imposed on the defendant has expired, if
before the expiration the attorney representing the state files a motion to
revoke, continue, or modify community supervision and a capias is issued for
the arrest of the defendant. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e)
(Vernon 2006).