In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00025-CR
_____

GERMANY ROSHAWN JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1A District Court
Tyler County, Texas
Trial Cause No. 11,078

**MEMORANDUM OPINION**

In two issues on appeal, appellant Germany Roshawn Johnson complains that the trial court abused its discretion by revoking his community supervision. We affirm the trial court's judgment.

Background

In December 2008, Germany Roshawn Johnson was indicted for possession of a controlled substance with the intent to deliver, a second degree felony. In April 2010, Johnson pleaded guilty to possessing a controlled substance with the

1

intent to deliver, and the trial court sentenced Johnson to eight years in prison, but suspended the imposition of the sentence, placed Johnson on community supervision for eight years, and assessed a fine of $2500. The State later filed a motion to revoke Johnson's community supervision, alleging that Johnson had violated three conditions of his community supervision. Johnson pleaded true and the trial court sentenced him to five years in prison. However, Johnson filed a motion for new trial and motion in arrest of judgment, arguing that his pleas of true were not freely, voluntarily, and intelligently given because he entered the pleas with the promise that his other cases would be dismissed or run concurrently, but later learned that he may receive more than five years on the other cases. The trial court granted Johnson's motion for new trial and motion in arrest of judgment.

In January 2016, the trial court conducted a second hearing on the State's second amended motion to revoke. Johnson filed a motion to quash, complaining that the State's motion to revoke failed to provide fair notice as to how he had violated his probationary conditions by committing new offenses. The State agreed to waive one of the new offenses because the date of the offense was not correctly alleged in the motion to revoke. The trial court denied Johnson's motion to quash. The trial court proceeded to hear evidence concerning the State's second amended motion to revoke.

During the revocation hearing, Johnson's probation officer testified concerning the allegations that Johnson had failed to pay his court costs, despite having reported that he was working, and had also failed to perform his community service hours. Officer Jathan Borel of the Woodville Police Department testified concerning the allegations that Johnson had committed the offense of delivery of a controlled substance in 2013 and 2014. Regarding the 2013 allegation, Officer Borel testified that there was a video of the 2013 incident in which a third party went to Johnson's house and bought drugs, but Johnson did not appear in the video and the third party did not testify at trial. Concerning the 2014 allegation, Officer Borel testified he did not personally observe Johnson delivering drugs, but he had viewed a video of the alleged offense. While Officer Borel testified that he recognized Johnson on the video and that Johnson was involved in the drug deal, the video does not show the actual exchange of drugs. The person to whom Johnson allegedly delivered drugs did not testify at the hearing, nor was there any evidence showing that the substance allegedly delivered was a controlled substance.

After the State rested, Johnson's counsel asked for an instructed verdict, arguing that the State failed to prove that Johnson had delivered a controlled substance. The trial court overruled Johnson's request. Johnson testified at the

hearing and denied committing the drug offenses. Johnson also denied that he had not paid his court costs, and he explained that he had tried to buy out his community service hours, but the community service department had refused to take his money. Johnson's fiancé also testified at the hearing, and she stated that she viewed both videos that allegedly showed Johnson delivering drugs and she did not see Johnson in either video. The record shows that the trial judge viewed the videos in his chambers. The trial court found that Johnson violated all three conditions of his community supervision, revoked Johnson's community supervision, and sentenced Johnson to eight years in prison. Johnson appealed.

Analysis

In issue two, Johnson complains that the evidence was insufficient to support revocation. Johnson's complaint is based on the trial court's finding that Johnson violated condition one of his community supervision by committing two new drug offenses. We address issue two first. The State argues that regardless of any deficiencies in the evidence concerning the drug offenses Johnson allegedly committed, there is sufficient evidence to support the trial court's findings.

We review an order revoking probation under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining the sufficiency of the evidence in probation revocation cases, the

4

burden of proof is by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The preponderance-of-the-evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64. When the State fails to meet its burden, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493-94.

While Johnson complains that the evidence is insufficient to support revocation based on the trial court's finding that Johnson violated his probation by committing new drug offenses, the trial court's revocation order was based on Johnson having violated three conditions of his community supervision. Proof of a single violation will support revocation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Thus, to successfully obtain reversal of a revocation order, the appellant must successfully challenge each ground on which the trial

5

court relied to support its revocation order. *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd).

The record shows that the trial court found that Johnson violated all three conditions of his community supervision order, one of which includes failing to perform his community service hours. Johnson's probation officer testified at the hearing that Johnson was placed on community supervision in April 2010, and was ordered to perform 120 hours of community service. Although his probation officer had discussed the community service requirement with Johnson, including the option of completing the hours on weekends, at the time of the hearing, Johnson was 115.25 hours in arrears. Johnson testified that his job prevented him from completing his community service because he was only off on Sundays. Johnson admitted that his probation officer had discussed with him the option of buying out his community service hours, but every time he tried to buy out his hours, either the time ran out or he could not do it because he had to work.

When viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence supports a reasonable belief that Johnson violated his community supervision by failing to perform 120 hours of community service. *See Rickels*, 202 S.W.3d at 763-64. The trial court did not abuse its discretion by granting the State's second amended motion to revoke probation. Having found

one ground supporting revocation of Johnson's community supervision, we need not reach Johnson's challenge to the evidence that he committed additional drug offenses. *See Garcia*, 387 S.W.3d at 26; *Sterling*, 791 S.W.2d at 277. We overrule issue two.

In issue one, Johnson argues that the trial court abused its discretion by denying his motion to quash the State's second amended motion to revoke. According to Johnson, the language in the State's amended motion to revoke was couched in general terms and provided no notice as to how he violated the conditions of his probation and did not enable him to prepare a defense or to determine what witnesses to subpoena. According to Johnson, the allegations only stated the name of the offenses he allegedly committed and the date, but the motion failed to allege other facts that are vital in preparing a defense, such as the names of anyone he allegedly delivered to or what controlled substance he allegedly delivered. Johnson concludes that because the motion is wholly insufficient to give him fair notice of the alleged violations, the trial court abused its discretion by denying his motion to quash. The State maintains that the motion to revoke provided adequate notice, and that any error in the motion was harmless, because Johnson's counsel had actual notice of the basis for the State's allegations.

A motion to revoke must provide the defendant with sufficient information so that he may prepare a defense. *Labelle v. State*, 720 S.W.2d 101, 108 (Tex. Crim. App. 1986); *Matte v. State*, 572 S.W.2d 547, 549 (Tex. Crim. App. 1978). In determining whether the trial court committed reversible error by overruling a motion to quash on notice grounds, "we must first decide whether the motion to revoke lacked some requisite item of notice, and if so, we next decide whether in the context of the case this had an impact on the defendant's ability to prepare a defense, and finally, the extent of any such impact." *Labelle*, 720 S.W.2d at 108. When a trial court erroneously overrules a motion to quash, the defendant must show that he was in some way harmed by such error. *Chambers v. State*, 866 S.W.2d 9, 17 (Tex. Crim. App. 1993); *Labelle*, 720 S.W.2d at 108. Because the facts of the case determine whether harm exists, we review the entire record for evidence of prejudice to the defendant's substantial rights. *Labelle*, 720 S.W.2d at 108.

Our review of the record shows that Johnson had actual notice of the allegations against him prior to the hearing. The record shows that Johnson's counsel, the State, and the trial judge discussed that Johnson's counsel had received discovery on the alleged offenses prior to the hearing, and the record shows that Johnson's counsel had viewed the videos of the alleged offenses.

8

Johnson's counsel was able to cross-examine Officer Borel concerning his investigation of the alleged offenses and the circumstances surrounding the videos.

Additionally, Johnson's motion to quash complains about a lack of fair notice concerning the alleged offenses and not about his failure to perform his community service hours. Having concluded in issue one that the evidence is sufficient to support revocation based on the trial court's finding that Johnson violated his community supervision by failing to perform his community service hours, Johnson cannot show that he was harmed by the deficiencies he complained about in the State's second amended motion to revoke. *See Chambers*, 866 S.W.2d at 17; *Labelle*, 720 S.W.2d at 108. Because the facts of this case show that Johnson's substantial rights were not prejudiced, we conclude the trial court did not commit reversible error by overruling Johnson's motion to quash. *See Labelle*, 720 S.W.2d at 108. We overrule issue one. Having overruled both of Johnson's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 2, 2016
Opinion Delivered November 16, 2016
Do Not Publish
Before McKeithen, C.J., Horton and Johnson, JJ.