Steven Blaine **JONES** a/k/a Daniel Raymond Mawkin, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–82–00223–CR.

Court of Appeals of Texas, El Paso.

Feb. 25, 1987.
Rehearing Denied April 1, 1987.

Charles M. Mallin, Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION ON REMAND

OSBORN, Chief Justice.

This is an appeal from a jury conviction for murder, under an indictment originally alleging capital murder. The jury assessed punishment at ninety-nine years' imprisonment. Upon original submission, this Court affirmed Appellant's conviction. *Jones v. State*, 689 S.W.2d 510 (Tex.App.— El Paso 1985). The Court of Criminal Appeals granted the Appellant's Petition for Discretionary Review on the issue of error in the jury charge. Appellant asserted error in the court's failure to require a negation of sudden passion in the application paragraphs as to capital murder and murder, voluntary manslaughter having been raised by the evidence and submitted to the jury as a lesser offense. *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Crim.App.1983). No objection had been lodged on this basis in the trial court. Citing the amorphous authority of *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985), this Court overruled the point of error. The Court of Criminal Appeals, without ruling on the merits of the issue, vacated the judgment of this Court and remanded for reconsideration in light of *Castillo-Fuentes v. State*, 707 S.W.2d 559 (Tex.Crim.App.1986), and *Lawrence v. State*, 700 S.W.2d 208 (Tex. Crim.App.1985), opinions which were issued during the seventeen months that Appellant's petition languished in Austin. *Jones v. State*, 720 S.W.2d 535 (Tex.Crim.App. 1986). This practice of vacating and remanding cases to the Courts of Appeals under such circumstances has in our estimation been aptly censured by Presiding Judge Onion in his dissent to the remand. The only aspect not touched upon by Judge Onion was the inconsistency between this practice and the goals pursued by insertion of the former Courts of Civil Appeal into the criminal appellate process.

When a *Cobarrubio* error is not objected to at trial, the question is whether the defendant has suffered egregious harm under *Almanza*. *Castillo-Fuentes* states that he has suffered reversible harm if voluntary manslaughter was the primary defensive response to the murder accusation. If voluntary manslaughter was simply incidental to a primary claim of self-defense, then the error is not reversible. *Lawrence, supra.* Having reviewed the testimony, objection to the charge, charge to the jury and final argument, we conclude that this is a *Castillo-Fuentes* scenario. By his own testimony, Appellant conceded that the initial blow or blows struck with the spark plug wrench rendered the victim sufficiently incapacitated to permit a safe retreat by the Appellant. The additional injuries with the tool and eventual strangulation with the rope were not essential acts of self-defense, but were excessive responses to the victim's initial aggression. A self-defense instruction was not requested and not given to the jury. The final argument turned solely upon the distinction between murder and voluntary manslaughter (a preliminary issue of underlying robbery having been argued but rejected by the jury in consideration of the capital charge). During final argument, counsel for the defense stated:

> There's an unlawful homicide in this case of the degree of manslaughter. There is no self-defense in this case which would justify or excuse it. I'll grant you that. We're not here to insult your intelligence. It's fear. Where he was going to be the recipient instead of the dominant actor in a homosexual affair. It did not rise from his own lips which he could have done to the defense of self-defense or justification or excuse because there was no immediate danger or apprehension of danger of losing his life or suffering serious bodily injury and he may have had an opportunity to retreat.

(R IX, 455–456). Point of Error No. Six is sustained.

For clarity's sake, we reiterate that the remaining points of error are overruled for the reasons stated in our original opinion.

The judgment is reversed and the cause remanded for new trial.