Dearl FLOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–88–00352–CR.

Court of Appeals of Texas, El Paso.

Feb. 19, 1992.

G. David Smith, Dallas, Charles Louis Roberts, El Paso, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

A jury convicted Dearl Flowers, Appellant, of second degree felony theft and assessed punishment at 4 years' imprisonment. After we reversed the conviction, the Court of Criminal Appeals held that the State's amendments to the charging instrument, over objection by Appellant, did not violate Tex.Code Crim.Pro.Ann. art. 28.10 (Vernon 1989). *Flowers v. State*, 815 S.W.2d 724 (Tex.Crim.App.1991). As a result, the case was remanded to this Court

to consider Appellant's remaining points of error.

Within this opinion, we will discuss only Point of Error No. Seven in which Appellant argues that the evidence is insufficient to prove beyond a reasonable doubt the pipe was "explicitly represented ... as being stolen" as charged in the indictment. We reverse the judgment of the trial court and order that an acquittal be entered.

In reviewing Appellant's sufficiency of the evidence point, we are constrained to view all the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime alleged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Juarez v. State*, 796 S.W.2d 523, 524 (Tex.App.—San Antonio 1990, pet. ref'd.); *Lynd v. State*, 784 S.W.2d 480, 482 (Tex.App.—Texarkana 1990, no pet.). Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim.App.1989). Nor do we resolve any conflict of fact, weigh the evidence or assign credibility to the witnesses as such functions are solely in the province of the jury. *Juarez*, 796 S.W.2d at 524. Instead, an appellate court is only "to determine if any rational trier of fact could have, based on the evidence admitted at trial, found the essential elements of the offense beyond a reasonable doubt." *Fernandez v. State*, 805 S.W.2d 451, 456 (Tex.Crim.App.1991).

As amended and omitting the formalities, the indictment leveled against Appellant reads:

DEARL FLOWERS hereafter styled the Defendant, heretofore on or about January 6, 1988, did then and there intentionally and knowingly unlawfully appropriate property, namely ninety-two (92) joints of two and three eights (2⅜) inch upset tubing, said property owned by George Autrey, hereinafter styled the Complainant and in the custody of a law enforcement agency, namely, the Texas Department of Public Safety, and explicitly represented by a law enforcement officer, Special Texas Ranger Dick Chenault to the Defendant as being stolen, and the Defendant did appropriate the property believing it was stolen by another, and said property being equipment designed for use in exploration and production of natural gas or crude petroleum oil, with intent to deprive the Complainant of the property,....

In Point of Error No. Seven, Appellant contends the State failed to establish the crime allegedly committed by proof of an *explicit representation* that the legal status of the pipe was that of a stolen quality. The record indicates that the law enforcement agent indicated to Appellant that the pipe was "ripped-off." The Court of Criminal Appeals has recently referred to *Black's Law Dictionary* 580 (6th ed. 1990) to ascertain the ordinary meaning of the term "expressly" which includes the term explicit. *Boykin v. State*, 818 S.W.2d 782, 786 (Tex.Crim.App.1991). Thus, their definitions are synonymous.

In *Boykin*, the accused was charged with delivering a simulated controlled substance while expressly representing that substance to be cocaine. The Court of Criminal Appeals affirmed the lower appellate court's ruling that the evidence adduced at trial was insufficient to prove that the accused "expressly represented" the substance to be cocaine. In a 6–3 decision, the Court held that Tex.Health & Safety Code § 482.002(a)(1) (Vernon Supp.1992) "required a representation the meaning of which is absolutely unmistakable.... Representations involving slang terms cannot be thought of as unmistakable, for the meanings of such terms change from time to time, from place to place, and sometimes even from person to person." *Boykin*, 818 S.W.2d at 786. The facts of *Boykin* revealed that an undercover detective approached the accused and stated he wanted a "ten-cent rock", but the accused responded that he only had "twenty-cent rocks." *Id.* at 784. The detective purchased a twenty-cent rock, but testing revealed it to be nothing more than soap. *Id.* The Court of Criminal Appeals held that such a slang representation had not been criminalized by

the plain language of Section 482.002(a)(1); thus, the evidence at trial was insufficient to prove Boykin's guilt as indicted.

We find the majority's analysis in *Boykin* controlling in the instant appeal. Ranger Chenault represented that the pipe had been "ripped-off" from Texaco. Such a slang term can ordinarily have a dual meaning as either a true theft or an economic windfall. Even though the record shows that Chenault intended "ripped-off" to mean acquired by theft which would give rise to criminal prosecution, Appellant testified he thought such a breach of the security at Texaco's pipe yard to be unlikely. Thus, it was allegedly apparent to him that Chenault had merely obtained the pipe at a good price.

However, it is also clear that Appellant consciously attempted to disregard any explanation of Ranger Chenault's use of the term ripped-off. Ranger Chenault told Appellant not to sell the pipe to Texaco since that was from whom he "ripped it off." Ranger Chenault testified that Appellant said, "I don't want to know nothing about that anyhow." While the jury is in most instances given the sole power to accept or reject any, part or all of the testimony, the Court of Criminal Appeals has, in *Boykin,* abrogated this power to the extent that slang language, as a matter of law, is insufficient to support a conviction based upon a statute requiring proof of either an "express" or "explicit" representation. Consequently, we are left with but one choice—that being to conclude the evidence indicating the pipe had been ripped-off is insufficient to prove beyond a reasonable doubt that Chenault explicitly represented the pipe as being stolen, and we sustain the point of error.

We take note of the fact that the Court of Criminal Appeals' decision in *Boykin* places emphasis on the existence of Tex. Health & Safety Code § 482.002(a)(2) which would allow for convictions based upon commonly used slang names of illicit drugs and narcotics. *Boykin,* 818 S.W.2d at 786. The Court concluded that, under the facts of the case before them, the State prosecuted the accused under the wrong statutory provision. *Id.* The theft statute under which Appellant was prosecuted does not provide the State with such a comparable alternative. *See* Tex.Penal Code Ann. § 31.03(b) (Vernon 1989). Since the Court of Criminal Appeals did not limit their *Boykin* holding to the Controlled Substances Act, we must apply its reasoning to the theft statute as well.

It is also interesting to note that Appellant elicited testimony from defense witnesses which illustrates the overreaching result of strict application of the rule pronounced in *Boykin.* Several witnesses testified that even if the Ranger had told Appellant, "I stole this pipe from Texaco," the common oil-patch or slang interpretation of the word "stole" could have the same dual meaning that "ripped-off" possesses. "Stole" could mean either the pipe was bought at a bargain or that it was appropriated in a manner to which the true owner would not consent. Under such circumstances, it would be virtually impossible, according to the *Boykin* reasoning and conclusion, to obtain an affirmable conviction under Section 31.03(b)(3) of the Texas Penal Code as written. In order to obtain a proper conviction under the statute as written, the law enforcement agent would apparently have to tell the accused the property was "unlawfully stolen" from its rightful owner. Thus, the result of *Boykin* is to virtually invalidate that portion of the theft statute until the Legislature amends it by striking the term "explicitly."

Having sustained Appellant's seventh point of error, we reverse the judgment of the trial court and instruct that an order of acquittal be entered in the cause.