**Dearl FLOWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 564–92.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1992.

---

G. David Smith, Dallas, Charles Louis Roberts, El Paso, for appellant.

Dennis Cadra, Former Dist. Atty., Andrews, Michael T. Griffin, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S AND APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of theft and sentenced by a jury to four years confinement. His conviction was reversed by the Court of Appeals. *Flowers v. State*, 785 S.W.2d 890 (Tex.App.—El Paso 1990) (*Flowers I*). This Court granted the State's petition for discretionary review, reversed the judgment of the Court of Appeals, and remanded to that court for consideration of appellant's remaining points of error. *Flowers v. State*, 815 S.W.2d 724 (Tex.Cr.App.1991) (*Flowers II*). The Court of Appeals again

1. Article 31.03 provides in pertinent part:
   (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
   (b) Appropriation of property is unlawful if:
   \* \* \* \* \* \*
   (3) property in the custody of any law enforcement agency was explicitly represented

reversed the conviction and ordered an acquittal. *Flowers v. State*, 824 S.W.2d 801 (Tex.App.—El Paso, 1992) (*Flowers III*). In its current petition the State contends that the Court of Appeals has misconstrued our decision in *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App.1991), and Tex.Penal Code Ann. § 31.03(b). In his petition appellant contends the State's attempt to amend the indictment was ineffective, and the Court of Appeals' disposition of this contention was contrary to our decision in *Ward v. State*, 829 S.W.2d 787 (Tex.Cr.App.1992).

I.

We will address the State's petition first. Appellant was prosecuted for theft of oil field equipment under § 31.03(b)(3).[1] The indictment alleged in pertinent part that appellant:

unlawfully appropriate[d] property ... in the custody of a law enforcement agency ... and *explicitly*[2] represented by a law enforcement officer, Special Texas Ranger Dick Chenault to the Defendant as being stolen, and the Defendant did appropriate the property believing it was stolen by another....

During the trial, Special Texas Ranger Chenault testified he told appellant the equipment was "ripped-off" from Texaco. Chenault stated "ripped-off" meant stolen. However, testimony elicited by the defense during trial indicated "ripped-off" could also mean obtained at a very low price. Because of this dual meaning and our decision in *Boykin*, the Court of Appeals held no explicit representation that the property was stolen was made by Chenault to appellant. The Court of Appeals construed *Boykin* as abrogating the jury's power to accept or reject this testimony "to the extent that slang terms, as a matter of law, are insufficient to support a conviction based upon a statute requiring proof of either an

by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

2. Unless otherwise indicated, all emphasis herein is supplied by the author.

'express' or 'explicit' representation." *Flowers III,* supra at 803. The Court of Appeals concluded the evidence that the property was "ripped-off" was insufficient to prove Chenault explicitly represented the property as being stolen. For the following reasons, we disagree with this application of *Boykin.*

*Boykin* involved a conviction for delivery of a simulated controlled substance, under the Controlled Substances Act. V.T.C.A. Health and Safety Code, § 482.002. Boykin sold the undercover officer something described as a "twenty-cent rock," and was prosecuted under § 482.002(a)(1). Section 482.002(a) provides that an offense may be committed either by an express or an implicit representation of the substance delivered as a controlled substance. We held that an express representation under § 482.002(a)(1) must utilize one of the statutory controlled substance terms contained within the Controlled Substances Act. Slang terms, such as "twenty-cent rock," were not criminalized by § 482.002(a)(1). Otherwise, the enactment of § 482.002(a)(2), which does encompass slang terms, would have been superfluous. For this reason, the evidence was insufficient to support a conviction under § 482.002(a)(1). *Boykin,* supra at 786.

Furthermore, we did not hold in *Boykin, as a matter of law,* that slang terms could never be used as explicit representations in a different context, but came to that conclusion only in our construction of § 482.002(a)(1). We held by including the word "express," the legislature meant that only terms which are unmistakable in meaning could support a conviction under § 482.002(a)(1). Slang terms, on the other hand, are not unmistakable because their meanings can change. Thus, in construing § 482.002(a)(1), we determined that only representations employing the statutory controlled substances terms were appropri-

ate because they are always unmistakable. This interpretation was especially persuasive considering the textual context since § 482.002(a)(2) clearly does encompass representations involving only slang terminology. *Boykin,* supra at 786.

Finally, contrary to the Court of Appeals' opinion in *Flowers III,* we limited our decision in *Boykin* to offenses prosecuted under the Controlled Substances Act, *viz:* "We hold, therefore, that, *for the purposes of [§ 482.002(a)(1) ],* an express representation is one using the terms listed in the Controlled Substances Act." *Boykin,* supra at 786.

*Boykin* is distinguishable from the instant case, which involves a different statute. As previously noted, appellant was prosecuted under § 31.03(b)(3), which provides a person commits an offense when he appropriates property in the custody of a law enforcement agency explicitly represented by a law enforcement agent to be stolen. Unlike *Boykin,* § 31.03(b)(3) does not contain a separate subsection pertaining to implicit representations. Likewise, there is nothing comparable to the list of statutory controlled substances terms found in the Controlled Substances Act. Thus, it is illogical to presume the legislature did not intend for § 31.03(b)(3) to encompass representations by use of informal terminology. We believe the factfinder should determine whether slang terms were sufficient as an explicit representation that the property was stolen. Accordingly, we hold the Court of Appeals was incorrect in determining that a representation by the use of slang terms could never support a conviction under § 31.03(b)(3).[3]

In the instant case, the jury heard conflicting testimony as to the meaning of the term "ripped-off," and whether "ripped-off" meant "stolen." When conflicting evidence is introduced as to the meaning of

---

**3.** Such an expansive reading of *Boykin* would lead to the type of absurd results noted by that court in *Flowers III.* The Court of Appeals opined that, even if Chenault had told Appellant "I stole this pipe from Texaco," the common oilpatch or slang interpretation of the word "stole" could also have the same meaning as "ripped-off." Under these circumstances, and this

Court's rationale in *Boykin,* no affirmable conviction could ever be obtained until the legislature deleted the term "explicitly" from the statute. *Flowers III,* supra at 803. Logic and reason dictate that such a reading would thwart the clear intent of the legislature in enacting the statute.

slang terminology, the factfinder is free to decide which definition to accept. Apparently the jury accepted Chenault's definition. Therefore, the Court of Appeals erred in holding the evidence insufficient to support the conviction.

## II.

■ We turn now to appellant's petition. Appellant contends that the indictment was improperly amended because the order to amend simply sets out the entire charging instrument as amended without changing the original. Therefore, he argues there was a fatal variance between the pleading and the proof at trial. Appellant correctly asserts that the Court of Appeals' opinion conflicts with our decision in *Ward*, which requires an actual alteration to the face of the indictment. *Ward*, 829 S.W.2d at 794–795. However, this ground for review concerns the Court of Appeals' opinion in *Flowers I.* Appellant did not seek review from that decision. In order to have preserved this issue before this Court, appellant should have filed his own petition for discretionary review, or a cross-petition raising this ground. Because he failed to do so, his present petition is untimely. It is therefore, dismissed as improvidently granted.[4]

The judgment of the Court of Appeals is reversed and the cause is once again remanded to that court for the disposition of appellant's remaining points of error.

CLINTON, J., dissents.

McCORMICK, P.J., not participating.

---

4. This does not mean that Appellant is precluded from seeking review of this issue. Upon remand to the Court of Appeals, because our opinion in *Ward* had not been handed down prior to his original appeal, he can re-urge this point before that court. See *Garrett v. State*, 749 S.W.2d 784, 787 (Tex.Cr.App.1988).