Christopher John **COFFIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–87–00294–CR.

Court of Appeals of Texas, El Paso.

Feb. 17, 1993.

Dick Stengel, David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION ON REMAND

OSBORN, Chief Justice.

### Appellate Orbit

This is but one of many cases from this Court that have ended up in **"appellate orbit"** a label used by the then Presiding Judge of the Court of Criminal Appeals. *Adkins v. State,* 717 S.W.2d 363, 366 (Tex. Crim.App.1986). That case was originally reversed and remanded, *Adkins v. State,* 675 S.W.2d 604 (Tex.App.—El Paso 1984), then vacated and remanded, 717 S.W.2d 363. This Court then affirmed 726 S.W.2d 250 (Tex.App.—El Paso 1987) and four years after this Court's first opinion, the Court of Criminal Appeals affirmed, 764 S.W.2d 782. *See also Jones v. State,* 689 S.W.2d 510 (Tex.App.—El Paso 1985), vacated and remanded, 720 S.W.2d 535 (Tex. Crim.App.1986), reversed, 726 S.W.2d 246 (Tex.App.—El Paso 1987, pet. ref'd); and *LaBelle v. State,* 670 S.W.2d 755 (Tex. App.—El Paso 1984), reversed, 692 S.W.2d 102 (Tex.Crim.App.1985), again reversed 698 S.W.2d 738 (Tex.App.—El Paso 1985), again reversed 720 S.W.2d 101 (Tex.Crim. App.1986) and affirmed 726 S.W.2d 248 (Tex.App.—El Paso 1987, no pet.); and *Flowers v. State,* 785 S.W.2d 890 (Tex. App.—El Paso 1990), reversed and remanded, 815 S.W.2d 724 (Tex.Crim.App.1991), reversed, 824 S.W.2d 801 (Tex.App.—El Paso 1992), reversed again, 843 S.W.2d 38 (Tex.Crim.App.1992). "There is no judicial economy in the ever-expanding 'remand' procedure indulged in by the majority of [the Court of Criminal Appeals]." *Zani v. State,* 758 S.W.2d 233, 248 (Tex.Crim.App. 1988). Once again, we urge the Court of Criminal Appeals to decide cases once and for all "rather than keeping it in 'appellate orbit' by remanding it back to the court of appeals." *Owens v. State,* 827 S.W.2d 911, 918 (Tex.Crim.App.1992).

If as stated in *Angel v. State,* 740 S.W.2d 727, 729–30 (Tex.Crim.App.1987), discretionary review is limited to grounds raised and granted in a petition for discretionary review, then in the interest of **"justice without delay"**, that procedure should be changed forthwith. The better rule is found in Justice Hamilton's opinion in *Harry Eldridge Co. v. T.S. Lankford & Sons, Inc.,* 371 S.W.2d 878 (Tex.1963) which states:

> Under the writ of error practice, it is generally held that when our jurisdiction is properly invoked as to one point set forth in the application for writ of error, we acquire jurisdiction of the entire case.

*Id.* at 879.

### Facts

Christopher John Coffin, Appellant, a juvenile at the time of the commission of the offense, was tried as an adult and convicted by a jury for the offense of murder. The jury assessed punishment at confinement for 40 years. On original submission, we affirmed this cause. *Coffin v. State,* No. 08–87–00294–CR (Tex.App.—El Paso, May 23, 1990) (not designated for publication). In *Coffin v. State,* No. 1011–90 (Tex. Crim.App., June 24, 1992) (not designated for publication), the Court of Criminal Appeals vacated our judgment and remanded the cause for reconsideration of the admissibility of the transcribed testimony of a psychologist, deceased at the time of trial, who evaluated Appellant for his certification hearing. The remand was made so this Court could, in light of the Court of Criminal Appeals' opinion in *Bryan v. State,* 837 S.W.2d 637 (Tex.Crim.App.1992) and *Jones v. State,* 843 S.W.2d 487 (Tex. Crim.App.1992), reconsider a point of error which had already been decided. In *Bryan v. State,* the defendant claimed his Fifth Amendment privilege against self-incrimination. His testimony in the first trial was held to be admissible under Tex.R.Crim. Evid. 804(a)(1). In *Jones,* grand jury testimony of a witness claiming a Fifth Amendment privilege was held to meet the requirements of Rule 804(a)(1), although an objection was upheld on other grounds. We affirm.

Appellant was a juvenile at the time of the commission of the offense for which he was tried. The juvenile court conducted a certification hearing to determine whether to try him as an adult. At that hearing, the court heard testimony from Dr. Richard W. Walker, Jr., a clinical psychologist who evaluated Appellant. The court certified that Appellant be tried as an adult.

Between the time of the certification hearing and the trial, Dr. Walker died. After the jury convicted Appellant, the State sought to introduce Dr. Walker's testimony at the certification hearing into evidence at the punishment phase of the trial. The trial court admitted that evidence, which was read before the jury, over Appellant's hearsay objection. The issue before this Court is whether the trial court erred in admitting that evidence.

### Tex.R.Crim.Evid. 804(b)(1)

The trial court admitted Dr. Walker's testimony under Texas Rules of Criminal Evidence 804(b)(1), which provides that statements of a declarant who is unavailable are not excluded by reason of the hearsay rule if those statements are:

Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Tex.R.Crim.Evid. 804(b)(1). Appellant argues that his motive to develop Dr. Walker's testimony by cross-examination at the certification hearing was not similar to his motive to develop the testimony at trial and so the evidence should not have been admitted.

### Factor for Waiver of Jurisdiction

Texas Family Code Section 54.02(f) specifies factors to be considered by the juvenile court in determining whether to waive its jurisdiction and transfer a case to the district court:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Tex.Fam.Code Ann. § 54.02(f) (Vernon 1986). Dr. Walker's testimony addressed only the fourth and sixth of those factors. With regard to Appellant's sophistication and maturity, Dr. Walker stated that there was no evidence of any mental or emotional disorder or impairment of intelligence; that Appellant gave "typical adolescent responses" to the Sentence Completion Test; that he is "quite aware of everything" and intellectually and emotionally capable of understanding the proceedings against him and assisting in his defense; and that his level of sophistication was at or above that of other boys his age. The sixth factor was implicated by Dr. Walker's statements that a lengthy time would be required to rehabilitate Appellant, not less than several years, and that Appellant's pattern of behavior would be difficult to change, because he "tends to be rigid...."

### Analysis

Appellant clearly had a motive at the certification hearing to fully develop any weaknesses in Dr. Walker's testimony to avoid being tried as an adult. In particular, he had a motive to challenge Dr. Walker's statements indicating that the time for rehabilitation would be lengthy and portraying him as mature and sophisticated. At the punishment phase of the trial, Appellant would have the same interest in challenging those statements to avoid lengthy confinement. Dr. Walker's brief

testimony at the hearing addressed no other issues. Since Appellant had the same motive to develop and counter Dr. Walker's testimony at the certification hearing that he had at trial, Rule 804(b)(1) allows that testimony to be admitted over a hearsay objection. Appellant's complaint provides no basis for reversal. *See Zepeda v. State,* 797 S.W.2d 258, 261–62 (Tex.App.—Corpus Christi 1990, pet. ref'd) (when issue for which prior testimony was offered, identification of defendant, was thoroughly covered at civil certification hearing, testimony was admissible at trial).

Appellant argues that under circumstances like those in the case at bar where the offense charged is a serious one, certification as an adult is a virtual certainty, so extensive cross-examination of testifying experts would be a futile effort. He claims that this futility would cause the defense attorney to be less motivated to cross-examine witnesses, so Appellant did not have the same motive to develop Dr. Walker's testimony that he had at trial. We disagree. When circumstances of the offense make certification as an adult appear likely, then the defense counsel should be even more motivated to intensely cross-examine witnesses called by the State than when certification seems unlikely, because intensive effort is more necessary to achieve the client's goals.

### Conclusion

Appellant's motive in developing Dr. Walker's testimony at trial, had he been present, would have been to demonstrate that lengthy punishment or rehabilitation was not necessary in this case. Appellant had the same motive in cross-examining Dr. Walker at the certification hearing. Therefore, the evidence was not excludible as hearsay.

The judgment of the trial court is affirmed.