**Jeffrey ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00159–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 28, 1993.

Rehearing Denied April 8, 1993.

Discretionary Review Refused June 30, 1993.

Andrew L. Jefferson, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Asst. Dist. Atty., Houston, for appellee.

Before SAM BASS, DUGGAN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The trial court found the appellant, Jeffrey Allen, guilty of theft by receiving property. The trial judge assessed punishment of one year confinement, probated for two years, a $500 fine, and 100 hours of community service. We affirm.

### Fact summary

Patrice Bell was arrested by Missouri City police officers for theft. Bell told the officers the appellant, a Houston police officer, had been purchasing stolen property from her. Larry Stoner, an officer with the Internal Affairs Division of the Houston Police Department, was brought into the case. Stoner interviewed Bell and decided Bell would act as an agent of the Houston Police Department to determine if the appellant would knowingly purchase stolen goods.

Internal Affairs fitted Bell with two electronic audio recording devices and gave her clothing and electronic equipment purchased by the division for the investigation. The items still had their price and store tags on them.

Bell went to a local hair salon, where she paged the appellant. The appellant arrived in his patrol car. Bell then retrieved the garbage bag of merchandise from her trunk and went to the back of the salon. The appellant looked through the merchandise and purchased a brown leather woman's suit. Stoner and an investigator with the Harris County District Attorney's Office were parked behind the hair salon and electronically monitored the conversation.

The appellant was later arrested and charged by information under TEX.PENAL CODE ANN. § 31.03(a) and (b) (Vernon 1989), which read:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
> (b) Appropriation of property is unlawful if:

> \* \* \* \* \* \*

> (3) property in the custody of any law enforcement agency was *explicitly* represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

(Emphasis added.)

## 1. Explicit representation

■ In points of error one and two, the appellant argues the merchandise was not explicitly represented as being stolen property. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560

(1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239. A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson*, 443 U.S. at 317–18, 99 S.Ct. at 2788.

■ During the conversation with the appellant at the hair salon, Bell read off the price of the garment and then said, "However, I don't want the price from the store they are boosted out of." Later, Bell said, "It's Christmas time, there is [sic] not too many people boosting like I am right now due to the holidays." Bell testified "boost" was common expression for stealing, and everyone understood its meaning. The State introduced Webster's New Collegiate Dictionary's definition of boost as slang for steal or shoplift.[1]

The appellant argues the word "boost" or "boosting" does not equate to an *explicit* representation the property was stolen.[2] The appellant's premise is that a slang word will not support a conviction when a defendant is charged with a *simulated* crime under a statute that requires the "express" or "explicit" representation of the criminal act. For support, the appellant relies on *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991). In *Boykin*, the defendant was charged with the simulated crime of selling a substance that was not cocaine, but which he represented was cocaine. *Boykin*, 818 S.W.2d at 783. Under TEX.HEALTH & SAFETY CODE ANN. § 482.002 (Vernon 1992),[3] a person commits a crime if he *expressly* represents the substance which he is selling is a controlled substance. When Boykin told the police officers he was selling "rock," a street name for cocaine, it was not sufficient to meet

---

**1.** The Oxford English Dictionary lists as one of the definitions, "to steal, esp. to shoplift; to rob." See 2 THE OXFORD ENGLISH DICTIONARY 402 (2d ed. 1989).

**2.** Black's Law Dictionary (5th ed.) defines "explicit" as not obscure or ambiguous; having no

disguised meaning or reservation; clear in understanding.

**3.** Previously TEX.REV.CIV.STAT.ANN. art. 4476–15b, § 2.

the requirement that he *expressly* represented he was selling a controlled substance. *Boykin,* 818 S.W.2d at 786.

Here, the appellant argues he was charged with a simulated crime of the unlawful appropriation of stolen property that was not actually stolen. (The clothing was purchased for the sting operation.) The appellant contends that before he could be convicted of this crime, the evidence must show that the property was *explicitly* represented to him as stolen. The appellant argues the slang word "boost" was not an explicit representation that the property was stolen.

In a remarkably similar case, the Court of Criminal Appeals held the use of the term "ripped-off" in a simulated sale of stolen property case was a sufficiently explicit representation by a law enforcement officer to the defendant that the property was stolen. *Flowers v. State,* 843 S.W.2d 38 (Tex.Crim.App.1992), *reversing Flowers v. State,* 824 S.W.2d 801 (Tex.App.—El Paso 1992). The Court of Criminal Appeals rejected Flowers' attempt to use *Boykin* in a simulated sale of stolen property and noted *Boykin* was limited to simulated sale of a controlled substance prosecuted under the Controlled Substance Act.

Following the instructions in *Flowers,* we hold under section 31.03(a) and (b) of the Penal Code a representation involving only slang terminology can be an *explicit* representation. Paraphrasing the Court of Criminal Appeals in *Flowers,* the jury heard the testimony as to the meaning of "boosted" and whether "boosted" meant "stolen." Apparently the jury accepted the State's definition of the word.

We overrule points of error one and two.

## 2. Law enforcement official

■ In point of error three, the appellant argues the evidence was insufficient to prove beyond a reasonable doubt Patrice Bell was a law enforcement agent for purposes of the theft statute. We disagree.

After interviewing Bell, Stoner decided to use Bell in the investigation. Stoner testified as follows:

Stoner: We determined that Ms. Bell would become an agent for the police department, that the police department would acquire a quantity of materials, clothes, accessories, and have Ms. Bell offer this property as being stolen and for sale to Officer Allen in an attempt to determine whether or not he would purchase it.

State: Was Ms. Bell acting under your instructions?

Stoner: Yes, she was.

State: And did you control the investigation?

Stoner: Yes, I did.

State: And everything she did with regards to [the appellant] following December 12, was it at your instructions?

\*   \*   \*   \*   \*   \*

State: Was that at your instructions?

Stoner: Yes, it was at my discretion.

The appellant argues the record only reflects Bell was acting as an undercover operative, not as a law enforcement agent, as required by the theft statute. The appellant contends the two roles are different, but does not cite any authority.

Section 1.05 of the Texas Penal Code provides the Code will not be strictly construed, and further provides the Code shall be construed according to the fair import of its terms, to promote justice, and to effect the objectives of the Code. *Jiminez v. State,* 727 S.W.2d 789, 793 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); TEX.PENAL CODE ANN. § 1.05(a) (Vernon 1974). Clearly, the evidence presented was sufficient to demonstrate Bell was acting as a law enforcement agent when she offered the merchandise to the appellant.

We overrule point of error three.

## 3. Admission of the tape recording

In point of error four, the appellant argues the trial court erred in admitting the tape recording of the conversation he had with Bell. The appellant contends proper predicate to the tape's admission was not satisfied, because the State did not identify all the speakers on the tape.

■ In order to introduce an audio tape recording, the State must establish:

(1) the recording device was capable of taking testimony,

(2) the operator of the device was competent to record material,

(3) the recording is authentic and correct,

(4) there were no changes, additions, or deletions made to the recording,

(5) the recording was preserved in a proper manner,

(6) all speakers are identified, and

(7) the recorded statements were elicited voluntarily and without inducement.

*Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Crim.App.1977); *McEntyre v. State*, 717 S.W.2d 140, 146 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

■ The State argues the unidentifiable voices were part of the background noise inside the hair salon and not related to the appellant's prosecution. We agree.

The record reflects the following:
State: [A]re all the persons identified in that recording?
Stoner: No, I don't believe so.
State: Who is not identified?
Stoner: There is some background noise, it sounds like several people inside the hair salon, voices that could not be identified.
State: Is [the appellant's] voice identified?
Stoner: Yes, it is.
State: Is Ms. Bell's voice identified?
Stoner: Yes.
State: Shirley Foster?
Stoner: Yes.
State: Josephine Reed?
Stoner: Yes, sir.
State: And these were the principal actors in this investigation.
Stoner: Yes, they were.
State: And was the testimony that was lifted and that was recorded on these tapes, was that voluntarily made without any kind of improper inducement?
Stoner: Yes, it was.

We are not prepared to construe the requirement that "all speakers" be identified to include the voices in the background. *See Vasquez Garza v. State*, 794 S.W.2d 530, 533 (Tex.App.—Corpus Christi 1990,

no pet.) (officer could not identify all background voices, but could say they were other law enforcement officers). The appellant has not presented us with any authority that would require us to so construe the requirement.

 The admission of a sound recording is discretionary with the trial court. *Edwards*, 551 S.W.2d at 733; *McEntyre*, 717 S.W.2d at 146. The trial court did not abuse its discretion in admitting the tape recording.

We overrule point of error four and affirm the judgment.