Gonzalez v. SOT









NUMBER 13-98-670-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


GENARO C. GONZALEZ, Appellant,



v.




THE STATE OF TEXAS, Appellee.

____________________________________________________________________



On appeal from the County Court at Law No. 1

of Cameron County, Texas.


____________________________________________________________________



O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa




 After a bench trial, the trial court found appellant, Genaro C. Gonzalez, guilty of prostitution (1) and assessed his
punishment at a fine of $300. By a single point of error, appellant contends the evidence is insufficient to prove he offered
or agreed to engage in deviate sexual intercourse. We affirm.

 When we review a legal sufficiency challenge, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995);
Turro v. State, 867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). The standard is the same for both direct and circumstantial
evidence cases. Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Sutherlin v. State, 682 S.W.2d 546, 548-49
(Tex. Crim. App. 1984); Vela v. State, 771 S.W.2d 659, 660 (Tex. App.--Corpus Christi 1989, pet. ref'd).

 Appellant was charged by information with offering to engage and agreeing to engage in sexual conduct for a fee. See
Tex. Pen. Code Ann. § 43.02(a)(1) (Vernon 1994). Sexual conduct includes deviate sexual intercourse. Tex. Pen. Code
Ann. § 43.01(4) (Vernon 1994). Deviate sexual intercourse is defined as any contact between the genitals of one person
and the mouth or anus of another person. Tex. Pen. Code Ann. § 43.01(1) (Vernon 1994).

 The trial court heard evidence from a female Harlingen undercover police officer that on the night of May 17, 1998 she
was involved in a sting operation aimed at diminishing prostitution in Gutierrez Park. The officer testified she was
assigned to the corner of Harrison and "D" Street. Appellant drove around the park several times and finally stopped in
front of her. He said "hi" and gave her an indication he wanted her to approach. When the officer got into appellant's car,
he told her he wanted to have a good time, but that he was concerned by the presence of police officers in the park.
Eventually, appellant told the officer he would pay her twenty dollars for a "blow job." The officer explained to the trial
court that she had no doubt about what he was asking her to do. She told appellant to meet her at a nearby gas station. 
When he drove off, the officer notified patrol units who subsequently arrested appellant.

 Appellant contends the State did not prove the act at issue was deviate sexual intercourse. He argues the words
constituting an offer or agreement to engage in sexual conduct must be unmistakable. Appellant relies on Flowers v. State
for his theory that slang terms "are not unmistakable because their meanings can change." 843 S.W.2d 38, 40 (Tex. Crim.
App. 1992). However, the quoted language is part of the court of criminal appeals' explanation for why slang terminology
is inappropriate to convict when certain provisions of the controlled substance act, not relevant to this case, are at issue. Id.
(limiting the holding in Boykin v. State, 818 S.W.2d 782 (Tex. Crim. App. 1991)). In Flowers, the court reversed the
holding of the court of appeals that evidence showing items were "ripped off" was insufficient to support a conviction for
theft. Id. The court of criminal appeals explained:

[I]t is illogical to presume the legislature did not intend for § 31.03(b)(3) to encompass representations by use of informal
terminology. We believe the factfinder should determine whether slang terms were sufficient as an explicit representation
that the property was stolen.



Id. We conclude the same logic applies to the facts of this case.

 The trial court heard the testimony and, as trier of fact, could not convict appellant unless it found beyond a reasonable
doubt that soliciting a "blow job" was indeed offering to engage in deviate sexual intercourse. "Blow job" is defined as "an
act of fellatio." Merriam Webster's Collegiate Dictionary 125 (10th ed. 1996). "Fellatio" is defined as "to suck; oral
stimulation of the penis." Merriam Webster's Collegiate Dictionary 428 (10th ed. 1996). This definition comports with the
definitions of "sexual conduct" and "deviate sexual intercouse" set forth in the penal code. See § 43.01(1) & (4).

 In addition, this Court has previously held that soliciting a "blow job" is sufficient to support a conviction for agreeing to
pay for fellatio. Moreno v. State, 860 S.W.2d 612, 616 (Tex. App.--Corpus Christi 1993, pet. ref'd). We overrule
appellant's sole point of error.

 We affirm the trial court's judgment. 



FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 27th day of May, 1999.

1. § 43.02. Prostitution

 (a) A person commits an offense if he knowingly:

 (1) offers to engage, agrees to engage, or engages in sexual conduct for a fee[.]

Tex. Pen. Code Ann. § 43.02(a)(1) (Vernon 1994).