Opinion issued June 20, 2002 















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00136-CR

____________


WALTERINE JONES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 38,831






O P I N I O N

 Appellant, Walterine Jones, was charged with the offense of possession, with
the intent to deliver, of less than one gram of a controlled substance. A jury
convicted her, and, after she pleaded true to two enhancement paragraphs, it assessed
punishment at 20 years confinement and a $20,000 fine. We affirm.

Facts

 Brazoria County Sheriff's Department Narcotics Investigator Ruben Gonzales
testified that, on May 3, 2000, he met a confidential informant and planned to buy
crack cocaine from appellant in Freeport, Texas. Deputy Gonzales gave $50 to the
informant to purchase the cocaine, started an audio tape recorder, and placed it in
informant's . Deputy Gonzales and the informant drove to the arranged location in
Freeport.

 Deputy Gonzales testified the informant went into the building. Several
minutes later, Gonzales saw a woman leave and return in another 20 to 25 minutes. 
After the informant left the building, Deputy Gonzales met the informant at a pre-arranged location, and he gave Gonzales two rocks of crack cocaine.

 The informant testified he went into the building, arranged to buy crack
cocaine from appellant, and gave her $50 for the cocaine. He stated appellant left the
building to retrieve the cocaine. He also testified that a black male, named
"Kingpin," and a black female were in the building, and their voices were recorded
on the audio tape concealed in the informant's pocket. Appellant returned 20 to 25
minutes after leaving and gave the informant two rocks of crack cocaine. The
informant left and, before meeting Deputy Gonzales, went to a convenience store.

 Michael Manes, director of the Brazoria County Crime Lab, testified that the
two rocks of crack cocaine, which appellant delivered to the informant, contained
0.09 grams of cocaine.

Admission of the Audio Tape

 In her sole point of error, appellant argues the trial court erred in admitting the
audio tape recording of the drug transaction. She specifically contends that the tape
was not properly authenticated under Texas Rule of Evidence 901 because the
informant did not identify all the voices on the tape. See Tex. R. Evid. 901.

 We review the trial court's ruling under rule 901 for an abuse of discretion. 
Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). When the State offered
the tape recording into evidence, appellant's attorney timely objected on the ground
that the informant did not identify all the voices on the recording. The informant
testified that Deputy Gonzales's voice was on the beginning and end of the tape and
the convenience store clerk's voice is also on the end of the tape. He testified his
voice and the voices of appellant, Kingpin, and the black female were on the tape. 
The informant did not know the name of the black female. In overruling appellant's
objection, the trial court stated:

I'll let [the tape] in. All you've got to do is identify the voices on the
tape. You don't have to have their names, you've just got to be able to
identify them so you can know who is the informant, so you can know
who the defendant is. [The informant] testified that there are only four
voices on that tape. He's testified he heard it, he was there and he can
identify the four people, so I think the tape is admissible.


 Texas Rule of Evidence 901governs the admissibility of electronic recordings. 

Angleton, 971 S.W.2d at 67. The rule provides, in pertinent part:

(a) General Provision. The requirement of authentication or
identification as a condition precedent to admissibility is satisfied
by evidence sufficient to support a finding that the matter in
question is what its proponent claims.



 Illustrations. By way of illustration only, and not by way of
limitation, the following are examples of authentication or
identification conforming with the requirement of this rule:




 Testimony of witness with knowledge. Testimony that a matter
is what it is claimed to be.



 . . .



 Voice identification. Identification of a voice, whether heard
firsthand or through mechanical or electronic transmission or
recording, by opinion based upon hearing the voice at anytime
under circumstances connecting it with the alleged speaker.



Tex. R. Evid. 901(a), (b).


 Appellant relies on Leos v. State, 847 S.W.2d 665 (Tex. App.--Texarkana
1993) rev'd on other grounds, 883 S.W.2d 209 (Tex. Crim. App. 1994) in support of
her argument that the authenticating witness must identify all voices on the tape
recording. In Leos, the voices of two undercover officers were identified by name,
and a female voice was identified only as an informer. Id. at 667. The female voice
of the informer was used to identify Leos. The court held that the admission of the
tape was error because the voice of the informer was not identified and the court
could not say the statements made by the informer were "in no way pertinent to the
State's case." Leos, 847 S.W.2d at 667 (citing United States v. Vega, 860 F.2d 779,
792 (7th Cir. 1988) (holding that if prosecution's case does not depend upon any
claim concerning identity of that speaker, tape can be admitted even in absence of
identification of speaker)). 

 Appellant's case is distinguishable from Leos. Here, the informant identified
his voice and the voices of appellant and "Kingpin." Although the informant did not
know the name of the black female on the recording, appellant does not indicate how
the unnamed female was pertinent to the State's case, except that "Kingpin" and the
black female were minimally aware of a drug transaction, if not participating in it. 

 Appellant cites no authority for the proposition that Rule 901 requires the
proponent of the audio tape to identify every speaker on the recording by name. Rule
901 requires that the proponent show by sufficient evidence that the matter in
question is what its proponent claims. Tex. R. Evid. 901. Here, the State alleged the
tape was a recording of a sale between informant and appellant. The State did not
implicate "Kingpin" or the black female in the sale of the cocaine. We are unwilling
to read into the rule a requirement that each person, no matter how irrelevant to the
case, be identified by name. Leos, 847 S.W.2d at 667; see also Allen v. State, 849
S.W.2d 838, 842 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) (holding that,
under former Edwards test, the requirement that all speakers be identified does not
include background voices).

 We conclude the informant's identification of the voices on the recording was
sufficient to authenticate the tape under Rule 901 and, therefore, the trial court did not
abuse its discretion in admitting it.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment.

 


 Frank C. Price

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (1)

Publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.